The mother, Charlotte Ellis Simmons, appeals from the trial court's award of child support from the father, Donald Wayne Ellis, in a modification proceeding. The father did not cross-appeal; therefore, the issue of whether there was a sufficient change in circumstances is not before this court.
The child support guideline form in the record on appeal provides that, pursuant to Rule 32, A.R.J.A., the father's monthly obligation should be $906.10 for the two minor children in the mother's custody. The trial court awarded the mother $500 per month for the support and maintenance of the two minor children, but the trial court failed to make a written finding on the record that the application of the guidelines would be unjust or inappropriate under the criteria set out in Rule 32. One of the criteria is:
 "(ii) Upon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable."
Rule 32(A), A.R.J.A.
This court has held that the trial court's failure to apply the guidelines or to present findings of fact based upon evidence presented to the court as to why the guidelines were not followed requires reversal. Kelly v. Kelly, 599 So.2d 49
(Ala.Civ.App. 1992); State ex rel. Thomas v. Thomas,575 So.2d 583 (Ala.Civ.App. 1991).
The mother also contends that the trial court erred in allowing questions, over objection, concerning the paternity of one of the parties' minor children. That matter is barred by the doctrine of res judicata. Ex parte State ex rel. G.M.F.,623 So.2d 722 (Ala. 1993); Ex parte State ex rel. Harrell,588 So.2d 868 (Ala. 1991).
The judgment of the trial court is due to be, and is, hereby reversed, and the cause is remanded for further proceedings consistent with Rule 32, A.R.J.A. This court would also suggest that since one of the minor children is nearing the age of majority, the trial *Page 805 
court's judgment might designate the amount of child support per month per child.
The mother's request for an attorney's fee on appeal is granted in the amount of $500.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.