SAM A. BEATTY, Retired Justice.
Charles Douglas Maye (“the father”) appeals from the judgment entered by the trial court in the divorce action between the parties. The father contends that those portions of the judgment awarding monthly child support, a judgment for a child support arrear-age, and the provision of hospitalization insurance are erroneous. We agree, and we reverse those portions of the judgment.
O’Dean Pettway Maye (“the mother”) filed a divorce action against the father in March 1994. She sought custody of, and child support for, the parties’ minor children. The record reflects that the father was injured at work approximately two and one-half years ago and that he has been unemployed since that time. He has applied for, but has not yet received, Social Security disability benefits. The mother was also unemployed at the time of trial and was receiving assistance through the Alabama Department of Human Resources (“DHR”). Shortly after the mother filed her divorce action, DHR filed actions seeking to determine the paternity of the youngest child and to collect child support from the father for all of the minor children. DHR also filed a petition asking that the father be held in contempt for nonpayment of support previously ordered for the parties’ five older children. The contempt petition alleged that on July 21, 1992, the father had been ordered to pay $15 per month toward the reduction of a judgment for child support owed to the State of Alabama as reimbursement for public assistance provided to the mother, and it further alleged that the father was $4,651.84 in arrears.
The divorce judgment entered by the trial court awarded custody of the minor children to the mother, established a visitation schedule for the father, ordered the father to pay $250 per month child support, awarded a judgment to the mother of $8,250 for a child support arrearage and ordered the father to pay that judgment at the rate of $100 per month, ordered the father to maintain hospitalization insurance for the children and to name them as beneficiaries on his life insurance, and awarded an attorney fee to the mother’s attorney. After it had entered the divorce judgment, the trial court consolidated the actions filed by DHR with the mother’s divorce action.
The father contends that the trial court erred in awarding the $8,250 judgment to the mother for a child support arrearage because he was not ordered to pay child support pendente lite; that the trial court erred in ordering him to pay child support in the amount of $250 per month, because the trial court did not apply the child support guidelines, Rule 32, Ala.R.Jud.Admin.; and that the trial court erred in ordering him to provide hospitalization insurance because, he argues, he did not have the financial ability to *1327 do so. The mother did not file a brief on appeal.
Child support actions filed on or after October 9, 1989, are subject to the mandatory application of the child support guidelines. Smith v. Smith, 587 So.2d 1217, 1218 (Ala.Civ.App.1991). Nevertheless, if the trial court enters a written finding on the record, supported by evidence presented to it, that the application of the guidelines would be unjust or inequitable, then the trial court has the discretion to deviate from the guidelines. Rule 32(A)(ii), Ala.R.Jud.Admin.; Smith, 587 So.2d at 1218. If the trial court fails to apply the guidelines or to present findings of fact based upon evidence before the court indicating why the guidelines were not followed, this court will reverse. Simmons v. Ellis, 628 So.2d 804 (Ala.Civ.App. 1993).
The trial court neither applied the guidelines nor entered any finding of fact indicating why it was not applying them. There is nothing in the record from which this court can determine the trial court’s reasoning in ordering the father to pay $250 per month child support. Under these circumstances, we must reverse. On remand, the trial court should calculate child support as provided in Rule 32, Ala.R.Jud.Admin. Upon review of that calculation and any other evidence before the court relative to child support, if the court finds that application of the guidelines would be inequitable in this case, it should so indicate in its judgment and should support the judgment by the appropriate factual findings. If the court determines that the father should provide hospitalization insurance for the minor children, that amount must be factored into the child support calculation, as provided in Rule 32(B)(7), Ala.R.Jud.Admin. Those portions of the divorce judgment ordering the father to pay $250 per month child support and to provide hospitalization insurance are hereby reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.
The trial court also erred in awarding the mother a judgment for a child support arrearage when the father was not ordered to pay child support pendente lite. In Goodson v. Goodson, 588 So.2d 481 (Ala.Civ.App.1991), this court held that even after a father had been ordered by a referee to pay child support pendente lite, the father was not considered to have been ordered to make child support payments because the referee’s order had not been adopted by the trial court. See also Nichols v. Nichols, 46 Ala. App. 67, 238 So.2d 186 (Ala.Civ.App.1970), in which this court reversed the trial court’s award of child support pendente lite because the child support was ordered without a hearing and without notice to the father. In this case, there was no order whatever ordering the payment of child support pendente lite; therefore, there was no basis upon which the trial court could have found the father to be in arrears at the time of the divorce. That portion of the divorce judgment awarding the mother a child support arrearage in the amount of $8,250 is hereby reversed. The father is, of course, still obligated to satisfy the judgment in favor of the State of Alabama for a child support arrear-age prior to the time of the divorce, but that judgment was not addressed in the divorce judgment.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
THIGPEN, YATES, MONROE and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result only.