This case has a somewhat tortuous history. The present appeal involves issues of visitation and child support for two minor children. We would note that this is the second time that this case has been before this court. See State Dep't of HumanResources ex rel. Nathan v. Nathan, 655 So.2d 1044
(Ala.Civ.App. 1995).
We noted the following pertinent facts in our prior opinion: In March 1993 the father filed a petition for rule nisi, requesting that the trial court find the mother in contempt because, he said, she had consistently failed, or refused, to allow the father to exercise his visitation rights with the minor children.
In October 1993 the State Department of Human Resources (State), at the request of the State of California, filed a petition to modify the father's child support obligation. We further note that prior to this modification proceeding, the father's child support obligation was $50 per week per child, or approximately $400 per month, and had remained unchanged since the May 1988 divorce decree. Additionally, the facts reveal that the mother and the two minor children (Christopher, born June 1979, and Nanette, born January 1982) have resided in California since August 1989.
In the prior appeal the trial court refused to hear the State's petition to modify the father's child support obligation because the trial court found that the mother had failed to comply with the trial court's order regarding the father's visitation rights. This court determined that the trial court committed reversible error when it allowed the visitation issue to deprive the minor children from possibly receiving an adequate amount of support from their father.
After remand, the father renewed his motion regarding the visitation issue, and the matter proceeded to a hearing. Thereafter, in August 1995, the trial court issued an order, which provided the following, in pertinent part: (1) The mother was held in "direct contempt" of prior court orders for "failing, refusing, and neglecting to cooperate with *Page 341 
the [father] relative to [the father's] visitation privileges with the minor children; however, [the mother] shall be allowed to purge herself of such contempt by obeying the future orders of the court." (2) Beginning September 1, 1995, the father was ordered to pay child support in the amount of $400 per month per child, for a total of $800 per month.
The State filed a post-judgment motion on the issue of child support. The mother, through her private attorney, filed a post-judgment motion on the contempt issue. Both post-judgment motions were denied.
Both the State and the mother appeal. The State's argument on appeal focuses on the child support issue, and the mother's argument on appeal focuses on the contempt/visitation issue.
The State argues several points relative to the child support issue. First, the State contends that the trial court committed reversible error when it failed to comply with Rule 32, Ala.R.Jud.Admin., when modifying the father's child support obligation. The State also points out that the trial court failed to state in its order a reason for deviating from the guidelines.
The father admits the following in his brief on appeal: The application of the child support guidelines is mandatory, the trial court's award of child support in this case was not computed under strict application of the guidelines, and the trial court failed to indicate in its order the reason for deviating from the guidelines. However, the father argues that this is a clerical error, and in light of the trial court's discretion, such error is harmless and insufficient to warrant reversal. We cannot agree.
It is well settled that "the trial court's failure to apply the guidelines or to present findings of fact based upon evidence presented to the court as to why the guidelines were not followed requires reversal." Simmons v. Ellis,628 So.2d 804, 804 (Ala.Civ.App. 1993).
The State also contends that the trial court committed reversible error when it ordered the father to pay child support of $400 per month per child, for a total of $800. The State argues that while the guidelines give a clear schedule of the amount of child support to be ordered for two children, the guidelines do not provide for a bifurcated order of support per child.
We would note that while the guidelines address the issue of split custody, the guidelines neither provide for, nor prohibit, a bifurcated order of support per child. Additionally, we would note that in Simmons, 628 So.2d at 805, which was authored by our presiding judge, this court stated that the trial court "might designate the amount of child support per month per child." Consequently, we clearly cannot find that the trial court committed reversible error when it bifurcated the award of support per child.
The State also contends that the trial court committed reversible error when it failed to issue an immediate income withholding order after modifying the father's child support obligation. When an order of support is modified at the request of the Department of Human Resources and no party has demonstrated, nor has the trial court found, any good cause not to require immediate income withholding, the income withholding order must be served immediately upon the obligor's employer and must take effect immediately. State Dep't of HumanResources ex rel. Daniel v. Daniel, 634 So.2d 1026
(Ala.Civ.App. 1994). Hence, the trial court erred when it failed to issue an immediate income withholding order after modifying the father's child support obligation.
The State also contends that the trial court abused its discretion when it refused to give retroactive effect to the modified order of support.
The record reveals the following: In September 1993 the minor daughter was diagnosed as suffering from myasthenia gravis, a serious illness which has required numerous hospitalizations and surgeries, as well as at-home nursing care. The application of the guidelines has warranted a substantial increase in the father's support obligation at all times since the State filed its petition to modify in October 1993. The father stipulated at the July 1995 hearing that the needs *Page 342 
of his minor children have increased in the last six years.
It would appear to this court that the minor children have been denied an adequate amount of support through no fault of their own. As we stated in our prior opinion, the trial court should not have allowed the visitation issue to deprive the minor children from possibly receiving an adequate amount of support from their father.
We recognize that a trial court is not required to give retroactive effect to an order modifying child support, as the date upon which increased support payments are to become effective is a matter within the sound discretion of the trial court. Boley v. Rowe, 409 So.2d 436 (Ala.Civ.App. 1982). InState ex rel. Dunnavant v. Dunnavant, 668 So.2d 851
(Ala.Civ.App. 1995), this court determined that the guidelines allow retroactive application to the date that the petition to modify was filed and that it was not error for the trial court to give retroactive effect to its modification of the father's child support obligation. We find that, under the facts of the present case, the trial court abused its discretion when it failed to give the father's increased child support obligation any retroactive effect.
In light of the foregoing, the judgment of the trial court regarding the child support issue is reversed and the cause is remanded for further proceedings and/or a judgment consistent with the foregoing.
The mother contends that the trial court abused its discretion when it found her to be in "direct contempt" of prior court orders for "failing, refusing, and neglecting to cooperate with the [father] relative to [the father's] visitation privileges with the minor children."
The mother submits that the trial court's first fundamental, though technical, error was the finding of "direct contempt." A "direct contempt" is committed in the judge's presence.State v. Thomas, 550 So.2d 1067 (Ala. 1989). Thus, any finding with respect to a denial of visitation rights would have to be "indirect" or "constructive contempt." As our supreme court noted in State v. Thomas, the elements of due process applied in a direct contempt case differ from the elements of due process applied in an indirect contempt case.
In the present case, the mother does not contend that she was denied due process. We would note that the mother states the following in her brief on appeal: "[T]he mother submits that in addition to the foregoing erroneous written finding of 'direct' as opposed to 'constructive' contempt, the trial court more importantly abused its discretion in finding any form of contempt against the mother." Consequently, we do not find that the trial court's use of the adjective "direct" is fatal to the effect of paragraph one of the August 1995 order. It is clear that the mother must comply with the visitation orders of the trial court.
Next, we turn to the mother's contention that the trial court abused its discretion when it found her to be in contempt for "failing, refusing, and neglecting to cooperate with the [father] relative to [the father's] visitation privileges with the minor children."
Initially, we would note that the standard of review in a civil contempt case was clarified by this court in Stack v.Stack, 646 So.2d 51, 56 (Ala.Civ.App. 1994), as follows:
 "[W]hether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm."
First, the mother contends that there was no existing order of "cooperation" and that she cannot be found in contempt of a non-existent order. While it is true that there is no order which specifically states that the mother is to "cooperate" with the father regarding visitation rights, the parties' divorce decree specifically states that the mother "is to maintain close contact with the [father] relative to the welfare of the minor children." Our review of the record reveals that there is evidence that the mother "has failed to fully comply with the spirit and letter of the divorce decree."Broadnax v. Broadnax, 558 So.2d 929, 930 (Ala.Civ.App. 1989). *Page 343 
The mother also contends that there was no evidence that she failed, refused, and neglected to allow the father to exercise his court-ordered visitation rights.
Our review of the record reveals that there was conflicting testimony regarding the exercise of visitation rights. The presence, or absence, of contempt or the presence, or absence, of a failure to abide by the provisions of a divorce decree is a matter committed to the sound discretion of the trial court.Anonymous v. Anonymous, 620 So.2d 43 (Ala.Civ.App. 1993). As previously noted, our review of the record reveals that there is evidence that the mother "has failed to fully comply with the spirit and letter of the divorce decree." Broadnax, 558 So.2d at 930.
In light of the above, we cannot find that the trial court abused its discretion. Further, we cannot find that the trial court's determination that the mother was in contempt for "failing, refusing, and neglecting to cooperate with the [father] relative to [the father's] visitation privileges with the minor children" was plainly and palpably wrong.
The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings and/or a judgment consistent with the foregoing.
The mother's request for attorney fees on appeal is denied. The father's request for costs and attorney fees, pursuant to Rule 38, Ala.R.App.P., is denied.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala. Code 1975, § 12-18-10(e).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.