This is an appeal from a divorce judgment. James F. Brown ("the husband") and Feodornel Brown ("the wife") separated in June 1995, and shortly thereafter the husband filed a complaint for a divorce. Although the wife filed a motion requesting temporary child support, the trial court never ruled on that motion. The husband voluntarily paid child support of $100 per week until June 1996. In June 1996, the trial court conducted a hearing and on July 2, 1996, entered an order awarding custody of the parties' minor child to the husband.
In September 1996, in response to motions filed by the wife, the trial judge set aside his June 1996 order, recused himself, and reassigned the case to another judge. The testimony at trial indicated that although the July 2, 1996, order, while it was effective, awarded custody of the minor child to the husband, the child continued to reside with her mother. The husband did not pay child support from June 1996 until July 1997.
After a trial, the court, on July 7, 1997, divorced the parties. In its judgment, the trial court awarded the wife custody of the parties' minor daughter, ordered the husband to pay child support and to pay the wife $7,500 for what it called a child support "arrearage." The trial court awarded the husband the marital home and granted the wife a $10,000 judgment lien on the home "representing her interest in the marital property." The husband appeals.
The parties were married in February 1990. A daughter was born during the parties' marriage. At the time of the parties' marriage, the wife had a son from a previous relationship. It is undisputed that James Brown is not the biological or adoptive father of Feodornel Brown's son. After the parties separated, the husband continued to reside at the parties' marital home, in which the parties, at the time of the divorce, had an equity of approximately $5,000 to $7,000. The wife and the children moved in with the wife's parents. The husband has a full-time job; *Page 230 
the wife attends college and has a part-time job.
Where evidence in a divorce case is presented ore tenus, the judgment of the trial court is afforded a strong presumption of correctness as to its findings of fact. Gann v. Gann,705 So.2d 509 (Ala.Civ.App. 1997). This presumption of correctness is based on the trial court's unique ability to observe the witnesses and assess their demeanor and credibility.Hall v. Mazzone, 486 So.2d 408 (Ala. 1986). A judgment of the trial court based on its findings of fact will be reversed only where it is so unsupported by the evidence as to be plainly and palpably wrong. Gann v. Gann, supra. However, there is no presumption of correctness in the trial court's application of law to the facts. Gaston v.Ames, 514 So.2d 877 (Ala. 1987).
The husband first argues that the trial court erred in calculating his child support obligation. In the divorce judgment, the court ordered the wife to provide health insurance for the parties' minor daughter through her employer's health insurance plan. In computing the husband's child support obligation pursuant to the child support guidelines, the trial court added the cost of health insurance and the cost of day care for the parties' daughter to the basic child support obligation. See Rule 32(C)(2), Ala. R. Jud. Admin. On appeal, the husband disputes both the amount included as the cost of health insurance and the cost of the day care services.
The husband argues that the trial court erred in including the total cost of the wife's health insurance in the child support computation. He argues that only that portion of the cost of the health insurance that is attributable to the parties' daughter should be included in the calculation of the child support obligation. This argument is without merit. The child support guidelines provide that "[t]he amount to be added to the `basic child support obligation' shall be the actual amount of thetotal insurance premium for family/dependent coverage."
Rule 32(B)(7)(b), Ala. R. Jud. Admin. (emphasis added). The trial court properly included the amount of the entire health insurance premium in its child support calculation.
The husband also argues that the trial court improperly included nonwork-related child-care costs in its child support computation. The testimony at trial established that the wife works part-time and is a full-time college student. The parties' daughter attends kindergarten classes and day care. The wife testified that the cost of kindergarten and day care for the daughter was $200 per month. The testimony regarding the wife's work schedule and the daughter's after-class day care is confusing, to say the least. The husband, in his brief on appeal, fails to direct this court to evidence in the record that would tend to establish that the day care services are not work-related. It is not the function of this court to search a record on appeal to find evidence to support a party's argument. Rule 28(a)(4), Ala. R.App. P.;Jenkins v. Landmark Chevrolet, Inc., 575 So.2d 1157
(Ala.Civ.App. 1991); Thomason v. Redd, 565 So.2d 259
(Ala.Civ.App. 1990). Further, matters regarding child support are within the discretion of the trial court. Hall v.Hubbard, 697 So.2d 486 (Ala.Civ.App. 1997). The husband's brief and our own review of the record do not indicate that the trial court abused its discretion in including the cost of the day care services for the daughter in the child support calculation. We also note that the husband briefly argues that additional income should be attributed to the wife. However, this issue was not raised at trial, and it cannot now be raised on appeal for the first time. Rule 4(a)(3), Ala. R.App. P.;Stephens v. Stephens, 699 So.2d 194 (Ala.Civ.App. 1997). We find no error in the trial court's calculation of the husband's child support obligation.
In its divorce judgment, the trial court awarded the husband the marital home and awarded the wife a $10,000 lien against the home "representing her interest in the marital property." The husband argues that because the parties' equity in the house is only $5,000 to $7,000, the trial court erred in awarding the wife a $10,000 lien on the house.
Initially, we note that a property division is within the discretion of the trial *Page 231 
court and its decision on this issue will not be reversed absent a showing of plain and palpable error. Slaton v.Slaton, 682 So.2d 1056 (Ala.Civ.App. 1996). A property division must be equitable, but it need not be equal.Golden v. Golden, 681 So.2d 605 (Ala.Civ.App. 1996). The factors the trial court should consider in fashioning its property division include "the ages and health of the parties, the length of their marriage, their station in life and their future prospects, their standard of living and each party's potential for maintaining that standard after the divorce, the value and type of property they own, and the source of their common property." Covington v. Covington,675 So.2d 436, 438 (Ala.Civ.App. 1996).
At the time of the trial, the wife was 33 years old, was attending college, and was working at a part-time job. The husband was 35 and had a full-time job. The husband's income is substantially more than that of the wife. The parties separated after five years of marriage. Although the husband argues that the home is the parties' only marital asset, the wife requested that she be awarded a portion of the husband's retirement account, which was valued at approximately $25,000. Given the above-listed factors and the facts of this case, we cannot say that the trial court abused its discretion in awarding the wife a $10,000 lien as her interest in the marital property.
The husband also argues that the trial court erred in requiring him to provide life insurance for the "children" of the marriage and in ordering him to be responsible for noncovered medical expenses for the "children." The trial court amended its judgment while this appeal was pending and corrected these errors. See Rule 60(a), Ala. R. Civ. P. Thus, the husband's argument on this issue is moot.
The husband also argues that the trial court erred in awarding the wife a child support arrearage in the amount of $7,500. Although the trial court never entered a pendente lite child support order in this case, it is undisputed that the husband voluntarily paid $100 per week in child support during the first year after the parties separated. The husband paid no child support from June 1996 until the divorce judgment was entered in July 1997.
On appeal, the husband argues that the trial court erred in awarding the wife a $7,500 "arrearage" in child support for the period June 1996 until July 1997. The trial court never entered a pendente lite child support order; thus, the husband argues, the "arrearage" is arbitrary and without support in the record.
A basic principle of Alabama law is that a parent has a duty to support a minor child. "Parental support is a fundamental right of all minor children." State ex rel. Shellhouse v.Bentley, 666 So.2d 517, 518 (Ala.Civ.App. 1995) (quotingEx parte University of South Alabama, 541 So.2d 535,537 (Ala. 1989)). See also Anderson v. Loper,689 So.2d 118 (Ala.Civ.App. 1996). In March 1994, §§ 30-3-110
through 30-3-115, Ala. Code 1975, became effective. Those Code sections create a cause of action, maintainable by the custodial parent or guardian or the State, for retroactive child support against a nonsupporting parent. In enacting these sections, the Alabama legislature determined that, even in the absence of a court order requiring the noncustodial parent to pay support, a custodial parent or guardian can recover support for periods when the noncustodial parent made no contribution for the support of the child. The parties in this case, however, did not assert a claim for retroactive support pursuant to § 30-3-110, Ala. Code 1975. Therefore, this court must address the question whether the trial court may award an arrearage for unpaid support where the parent had a duty to support the child but had not been ordered to pay support.
In Maye v. Maye, 660 So.2d 1325 (Ala.Civ.App. 1995), this court reversed a trial court's award of a child support "arrearage" where the parent had not been ordered to provide support. In this case, as in Maye, the trial court had not entered a pendente lite order requiring the husband to pay child support. This court determined that "there was no basis upon which the trial court could have found the [husband] to be in arrears at the time of the divorce." Maye, *Page 232 
660 So.2d at 1327. After careful consideration, we hereby overruleMaye.
In cases seeking modification of child support, it is within the discretion of the trial court to make any modification retroactive to the date of the filing of the petition for the modification. State ex rel. Nathan v. Nathan,680 So.2d 339 (Ala.Civ.App. 1996); Rogers v. Sims 671 So.2d 714
(Ala.Civ.App. 1995); State ex rel. Dunnavant v.Dunnavant, 668 So.2d 851 (Ala.Civ.App. 1995). In cases that involve an award of post-minority support for a college eduction, this court has held that the award of such support will be retroactive to the date of the filing of the petition for the support. Thompson v. Thompson, 689 So.2d 885
(Ala.Civ.App. 1997) (citing Bayliss v. Bayliss,575 So.2d 1117 (Ala.Civ.App. 1990)). In Thompson, this court quoted a Pennsylvania court and concluded that: "There is a sound policy favoring retroactivity in most cases, because the party entitled to support should not be penalized for having to resort to time-consuming court proceedings." 689 So.2d at 889
(citation omitted). Finally, the Alabama legislature recognized the parent's duty to support a child and created a cause of action for retroactive support. See
§§ 30-3-110 et seq., Ala. Code 1975.
Given this state's policy and law requiring a parent to support a minor child, we hold that a trial court may, in its discretion, award child support retroactive to the filing of the complaint for divorce where the trial court has failed to enter a pendente lite child support order for the period in which the parent had a duty to support the child but failed to provide that support. In future cases, when awarding retroactive support, the trial court should state its reasons for the award, the factors it considered, and the manner in which it calculated the retroactive support award.
We emphasize that this holding is not meant to eliminate the use of pendente lite orders for temporary child support during the pendency of divorce proceedings. Parents have a duty to support their minor children; the trial courts should rule on a request for temporary child support as expeditiously as possible.
In her crossclaim for divorce, the wife did not request temporary support for the minor child. The wife filed a motion requesting temporary support in February 1996. The wife's motion remained pending for approximately 16 months; the husband voluntarily paid support for the child for only 4 of those months. The trial court never entered an order providing for the support of the minor child during the two-year period during which this divorce action was pending. This court will not allow the trial court's oversight in this regard to accrue to the benefit of the noncustodial parent. To do so would reward the noncustodial parent for the failure or refusal to support his or her child; it might also serve to encourage a noncustodial parent to withhold needed support during the pendency of the divorce action. Alabama law does not support such a result.
In this case, although the trial court did not specify by what calculations it reached the amount of $7,500 as the retroactive support award, we affirm the award. The husband did not pay child support for approximately 12 months. The trial court's order assessed $625 per month for that period. Although the divorce judgment ultimately ordered a higher amount of support pursuant to the Rule 32 guidelines, we cannot say, given the facts of this case, that the trial court abused its discretion in its award of retroactive support.
The wife's request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur. *Page 233