MURDOCK, Judge.
P.Y.W. (“the mother”) and G.U.W. (“the father”) were married in April 2000, and one child was born of the marriage on November 28, 2000. In January 2001, the parties separated, and in November 2001, the mother filed a petition in which she requested that the father be ordered to pay child support retroactive to the date of the child’s birth, as well as medical expenses related to the birth.[1] Following an ore tenus hearing in February 2002, the trial court ordered the father to pay $648 per month in child support beginning in March 2002. The court denied the mother’s request for retroactive support and for the payment of medical expenses. The mother appeals from that portion of the trial court’s judgment denying her request for retroactive child support.
During the hearing, the mother testified that the father had provided only $65 in support since the child’s birth. The mother testified that she works at a medical facility as a phlebotomist earning a gross biweekly income of $1,449. She testified that the father is an electrician employed by a construction company and that he “bragged” in May or June 2001 that at that time he was earning $18 per hour. The mother also testified that, before the parties separated, the father was earning between $13 and $18 per hour, and that he normally worked 40 hours per week. Apparently referencing the parties’ separation shortly after their child was born, the *267 mother testified, “[the father] left me in a really financial bind. [The father] has a cocaine habit and he is an alcoholic.” As previously noted, the father did not appear at the trial of this matter; he has not favored this court with a brief.
Initially, we note that when a trial court hears ore tenus evidence, its judgment is presumed to be correct and will not be disturbed on appeal unless it is unsupported by the evidence so as to be plainly and palpably wrong. Bishop v. Pierce, 726 So.2d 663, 664 (Ala.Civ.App.1998). The ore tenus rule, however, applies only to questions of fact, not to questions of law. Peacock v. Houston County Bd. of Educ., 653 So.2d 308, 309 (Ala.Civ.App.1994).
It is a basic principle of Alabama, law that a parent has a duty to support his or her minor child and that this duty of support is a fundamental right of all minor children. State ex rel. Shellhouse v. Bentley, 666 So.2d 517, 518 (Ala.Civ.App.1995); Ex parte University of South Alabama, 541 So.2d 535, 537 (Ala.1989). The Alabama Legislature, recognizing this duty, created a cause of action specifically for retroactive child support. See Ala.Code 1975, §§ 30-3-110 through -115.
Even before §§ 30-3-110 through -115 became effective in March 1994, the Alabama Legislature had made it clear that retroactive child support is favored in order to ensure that minor children receive the support that is their due. Section 26-17 — 9(d), Ala.Code 1975, provided, and still provides, in pertinent part, that a child’s mother may file “[a] complaint for nonsupport of [the] child ... alleging sufficient facts that the defendant owes a duty of support, provided, that support payments have not been ordered previously pursuant to a decree of divorce.” Moreover, 26-17-8, Ala.Code 1975, specifically provided before the enactment of §§ 30-3-110 through -115, and still provides, that a court may order a father to pay retroactive child support for a period of two years prior to the filing of a complaint, or the birth of the child, whichever is the shorter time period.
In Brown v. Brown, 719 So.2d 228 (Ala. Civ.App.1998), this court addressed the issue whether, apart from an action brought under §§ 30-3-110 through -115, Alabama law provided for the award of retroactive child support. In a case in which the complaint was filed “shortly after” the parties separated, 719 So.2d at 229, this court answered that question as follows:
“Given this state’s policy and law requiring a parent to support a minor child, ... a trial court may, in its discretion, award child support retroactive to the filing of the complaint for divorce where the trial court has failed to enter a pendente lite child support order for the period in which the parent had a duty to support the child but failed to provide that support.”
Brown, 719 So.2d at 232.
As noted, the claim for retroactive child support in Brown was not one brought pursuant to §§ 30-3-110 through -115. Moreover, we note that the trial court’s judgment in Brown was entered approximately two years after the parties’ separation and that the only issue in that case was whether retroactive child support was due for the one-year period immediately before trial, a period during which the husband paid no child support. During the first 12 months following the parties’ separation, the father had voluntarily paid substantial child support. Id. No issue was presented in Brown as to the possibility of a retroactive award of child support for any period before the filing of the complaint.
*268 In the present case, the mother argues that §§ 80-3-110 through -115 “show an intent by the Legislature to bolster the rights of minors to [child] support which had previously been guaranteed by earlier statutes [such as §§ 26-17-8 and 26-17-9] and the common law.” We agree. Section 80-3-110 provides:
“There is hereby created a civil action to establish an order of retroactive support which may be brought against a non-supporting parent who has a duty to support as the legal parent of a child or children but has failed to provide support. The action may be brought by the parent or guardian with physical or legal custody who is providing the actual care and support for the child or may be brought by the Department of Human Resources pursuant to the provisions of [Ala.Code 1975,] Section 38-10-1 et seq. An action under this section can be brought only if support has not previously been ordered pursuant to a divorce or other action in this or any other jurisdiction.”
Section 30-3-114, Ala.Code 1975, provides:
“The order of retroactive support shall be a sum certain judgment and may cover all periods in which the nonsupporting parent failed to provide support. For all time periods in which support is requested, the court shall consider the needs of the child or children and the ability of the parents to respond to these needs, and shall determine the amount of support due for each period by application of the child support guidelines found in Rule 32 of the Alabama Rules of Judicial Administration based upon the circumstances during the time period for which support is sought. If the judgment for retroactive support includes support due for a period of time in which aid was paid by the Department of Human Resources and an assignment of support rights thereby exists under Section 38-10-4[, Ala.Code 1975,] and Section 38-10-5, [Ala.Code 1975,] the department shall be entitled to recover any support due the department under Section 38 — 10—6[, Ala.Code 1975].”
Given the record presented, including the facts discussed above, we see no basis for the trial court not to have made a retroactive child-support award in this case. There is no evidence in the record indicating that the mother ever gave the father reason to believe that she would have no need for the father’s financial assistance in rearing their child, or that the father ever relied on any such representation. The mother filed her complaint less than a year after the child’s birth and only about 10 months after the father left the mother and the child. There is no evidence explaining the father’s failure to pay child support or tending to indicate that it would be inequitable to require him to pay child support retroactively.[2]
In K.H.L. v. K.G.M., 782 So.2d 804 (Ala. Civ.App.2000), we held that the trial court did not abuse its discretion in declining to award retroactive child support in a case in which the father had voluntarily paid the mother $500 per month since the child’s birth and $900 per month for several months before the entry of the trial court’s judgment. Unlike the father in K.H.L., *269 the father in the present case has. paid virtually no child support since leaving the mother and the child. Based on the record before us, we conclude that the trial court abused its discretion in not awarding child support retroactive to the time of the parties’ separation.
The dissent notes that the proper amount of child support depends upon both the needs of the child and the ability of the parent to pay. The dissent concludes (1) that the record contains “scant” evidence of the needs of the parties’ child and (2) that, based on that scant evidence, the trial court could have concluded that its award of $648 per month was more than was necessary for the prospective needs of the child and therefore an additional award of retroactive support was unnecessary.
As to the latter conclusion, the trial court clearly indicated that it was making an award only for the prospective support of the child. As to the former conclusion, Rule 32, Ala. R. Jud. Admin., establishes by law the presumptive amount needed for the support of a child. Section 30-3-114 provides that the court “shall determine the amount of support due for each period by application of the child support guidelines found in Rule 32 of the Alabama Rules of Judicial Administration based upon the circumstances during the time period for which support is sought.” Therefore, no additional evidence of the child’s financial needs was required in this case.
On remand, the trial court is instructed to make an award of retroactive child support in accordance with the requirements of § 30-3-114, applying the child-support guidelines of Rule 32, Ala. R. Jud. Admin.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON, J., concur.
CRAWLEY, J., concurs in the result.
PITTMAN, J., dissents.

. The petition also included a request for a declaration of paternity as to the father. At trial, however, the court, upon learning that the parties were married at the time of the child’s birth, concluded, and the mother agreed, that the only matter before it was "a support petition." See also § 26-17-5(a)(l), Ala.Code 1975. The father did not appear at trial.

. We do not, as the dissent asserts, interpret §§ 30-3-110 through -115 as "requiring an award of retroactive child support upon the request of a petitioning party.” We do, however, interpret these sections as bolstering the already strong policy in our law in favor of child support and see no reason in the record that the mother should not receive retroactive child support in this particular case. The trial court was presented with no evidence and no argument against the award of retroactive child support.