I dissent as to the reversal on the issue of retroactive child support. During the separation, the mother paid her bills from her salary, and she used the father's debit card to pay for gas and medical expenses for the children and to purchase things for the children. The mother testified that since she filed for divorce the father had given her some money and had purchased diapers, most of the children's clothing, toys, and Christmas presents for the children. He also provided health insurance for the children. The father paid all the payments on the van she drove. The father and mother both paid the children's day-care costs. The mother issued a check on insufficient funds, and the father paid the check and penalties for her. In April 2002, the mother and the father agreed to file separate income-tax returns with the mother claiming the children. She received a $4,000 tax refund, and he had to pay state and federal taxes. The mother testified that she agreed to give the father $1,400 of the refund and to apply the rest of the refund to their van lease payment. At first, the mother testified that she forgot to send the father the $1,400, then she admitted that she did not forget. Her intentions were to use $2,600 of the refund to pay a mileage penalty on the van lease. Instead, she stated that she used $3,000 of the tax refund to purchase a vehicle for her personal use. After the mother purchased herself the new vehicle, she returned the van to the father with over 71,000 miles on it, double what the lease agreement allowed. She further testified that she should not be responsible for the over-the-limit mileage penalty for the leased van.
 "[A] trial court may, in its discretion, award child support retroactive to the filing of the complaint for divorce where the trial court has failed to enter a pendente lite child support order for the period in which the parent had a duty to support the child but failed to provide that support."
Brown v. Brown, 719 So.2d 228, 232 (Ala.Civ.App. 1998) (emphasis added).
In view of the father's support of the children, the trial court did not abuse its discretion in not awarding retroactive support.
I concur in the main opinion as to the other issues.