THOMAS, Judge.
Anthony McCaskill (“the husband”) appeals from a judgment of the Mobile Circuit Court divorcing him from Sylvia *189 McCaskill (“the wife”) and dividing the marital property between the parties. The wife cross-appeals from the trial court’s judgment. With respect to the appeal, we affirm. With respect to the cross-appeal, we affirm in part, reverse in part, and remand with instructions.
The parties were married in May 1990. After nearly 17 years of marriage, the husband filed a complaint for a divorce in the trial court on March 17, 2007, claiming incompatibility of temperament. The wife answered the complaint and cross-claimed for a divorce on May 23, 2007. At the time the complaint was filed, the parties had two minor children — a son who was approximately 16 years old and a daughter who was approximately 15 years old (collectively referred to as “the children”). .
On April 12, 2007, the trial court issued a pretrial order, requiring, in pertinent part, that the parties “maintain the status quo as to payment of the house note, utilities, food, necessities, fixed credit obligations, etc.” The pretrial order further precluded either party from disposing of assets or withdrawing funds from savings accounts.
The wife filed an instanter motion for pendente lite support and for exclusive use and possession of the marital residence on January 11, 2008. Among other requests, the wife petitioned the trial court to order the husband to pay temporary child support. The trial court denied the wife’s motion on January 16, 2008.
After granting numerous continuances, the trial court conducted a hearing on October 26, 2010, and January 6, 2011, at which the court heard ore tenus testimony regarding the complaint and cross-claim for a divorce. The trial court heard testimony from both parties and from a financial expert regarding the wife’s retirement accounts.
The record indicates that the husband worked for CenturyTel of Alabama, LLC, in Mobile, that he had earned $64,299.73 in 2009, and that he had earned approximately $48,000 year-to-date in 2010 at the time of the October 2010 trial. The husband testified that he did not pay the wife any child support during the nearly three and a half years this action was pending, although he did maintain health insurance for the children. The husband also testified that he stopped paying the utility bills sometime during 2009, in defiance of the pretrial order. That resulted in the water at the marital residence being turned off in March 2009. The trial court issued an order on March 5, 2009, admonishing the husband to “take whatever action necessary to have the water turned on today. ...”[1]
The husband further testified that he has three retirement accounts: military retirement, a pension with CenturyTel, and a 401 (k) account with CenturyTel. He testified his 401 (k) account was worth approximately $30,000 at the time of trial. There was no testimony introduced regarding the value of his military retirement or the CenturyTel pension.
Additionally, the husband testified that he believed the marital residence was worth $300,000 and that he was requesting that the trial court order the parties to sell the marital residence and divide the equity. He further testified that he owed approximately $9,600 in credit-card debt that was in his name only, some of which was accumulated during the marriage.
*190 The wife testified that she was a partner in School Zone, Inc., from whieh she receives a salary.[2] She testified that she earned $20,000 in 2009 and approximately $3,400 in 2010. She also testified that she worked as a substitute teacher in the Mobile County Public School System, for whieh she was paid $58 per day. Additionally, the wife testified that she believed the marital residence was worth $225,000.
The wife further testified that she had three retirement accounts from her previous employment with IBM Corporation.[3] First, the wife testified that she had had a 401(k) account, which had been rolled over into an IRA upon her separation from IBM. That account contained approximately $357,214 at the time of trial. Second, the wife testified that she had a brokerage account that had been funded by stock options purchased with payroll deductions from her IBM paycheck. That account contained approximately $2,000 at the time of trial.[4] Third, she testified that she receives a pension from IBM in the amount of $169 per month.
The trial court entered a judgment on January 11, 2011, divorcing the parties and dividing the marital assets. The marital assets and debts were divided as follows: (1) the husband was awarded the 2001 and 2004 Toyota Tacoma vehicles, (2) the wife was awarded the 1991 Mazda vehicle, the 1998 Honda CRV vehicle, and the 2001 Toyota Corolla vehicle, (3) the wife was awarded any interest the parties may have in School Zone, Inc., (4) the wife was ordered to be responsible for credit-card debts to VISA, Bank of America, CitiBank, and Big Ten Tires, and (5) each party was awarded all financial accounts in his or her individual name. The judgment also divided other items of personal property.
In addition, the trial court ordered the parties to sell the marital residence and to divide the net equity equally. Pending the sale of the marital residence, each party was ordered to pay half of the monthly mortgage payment. The husband was awarded possession of the marital residence pending its sale and was ordered to be responsible for payment of taxes, insurance, and maintenance for the residence. The wife was awarded custody of the daughter, and the husband was ordered to pay child support in the amount of $372 per month.[5]
The husband filed a motion to alter, amend, or vacate the judgment on January 28, 2011. The wife filed a motion to alter, amend, or vacate the judgment on February 10, 2011. The trial court held a hearing on March 17, 2011, after which both postjudgment motions were denied. The husband filed a timely appeal to this court on March 30, 2011. The wife filed her notice of appeal on April 21, 2011.
On appeal, the husband argues (1) that the trial court erred in its division of assets and liabilities and (2) that the trial court erred in failing to award him an attorney fee. The wife raises four issues on appeal:
*191 (1) that the trial court erred when it failed to order the husband to pay retroactive child support, (2) that the trial court erred when it failed to order the husband to reimburse the wife for utility bills she paid during the separation, (3) that the trial court erred by imputing to the wife an income of $25 an hour in the child-support calculation, and (4) that the trial court erred by ordering her to be responsible for the husband’s credit-card debt.
We first address the issues dealing with the division of marital assets and liabilities.
“ ‘The law is clear that matters such as alimony and property division pursuant to divorce rest soundly within the discretion of the trial court and will not be disturbed on appeal except where such discretion was palpably abused. Montgomery [v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987) ]. The issues concerning alimony and the division of property are interrelated, and in determining whether the trial court abused its discretion as to either of those issues, the entire judgment must be considered. Montgomery, supra. Many factors, including the conduct of the parties regarding the cause of the divorce, are proper to consider in making an equitable division. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986). The award is not required to be equal, but must be equitable in light of the evidence, and what is equitable rests within the sound discretion of the trial court. Ross [v. Ross, 447 So.2d 812 (Ala.Civ.App.1984) ]. An award that favors one party over the other is not in and of itself an abuse of discretion. Jordan v. Jordan, 547 So.2d 574 (Ala.Civ.App.1989).’
“Boykin v. Boykin, 628 So.2d 949, 952 (Ala.Civ.App.1993).”
Martin v. Martin, 85 So.3d 414, 421 (Ala.Civ.App.2011).
Although the husband argues that “the trial court erred in its division of assets and liabilities,” his brief focuses entirely on the trial court’s failure to award him any of the wife’s retirement funds. Under § 30-2-51(b), Ala.Code 1975,
“[t]he judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
“(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
“(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits.
“(3) The total amount of the retirement benefits payable to the non-covered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court.”
(Emphasis added.) The husband seems to argue in his brief that, because the parties meet the requirements set out in § 30-2-51(b), he is entitled to a portion of the funds in the wife’s retirement accounts.[6] *192 Although a trial court may consider the retirement accounts that meet the above requirements as marital property, “there is no requirement that retirement accounts be divided.” Ex parte Yost, 775 So.2d 794, 795 (Ala.2000). Therefore, the trial court did not err when it awarded each party all financial accounts in his or her individual name.
Taking her issues out of order, the wife argues that the trial court erred when it ordered her to be responsible for the husband’s debt, specifically the credit-card debt. At trial, the husband testified that he had four credit cards in his name with a combined balance of approximately $9,600. However, the final judgment made the wife solely responsible for this debt, along with the debt connected with two additional credit cards held in both parties’ names that the wife had used to pay expenses while this action was pending. This ultimately made the wife responsible for a total of approximately $21,489 of credit-card debt.
The wife argues in her brief that the four credit cards in the husband’s name are part of his separate estate and should not be included in the division of marital property.
“ A party’s “ ‘separate estate’ is that property over which [he or] she exercises exclusive control and from which the [spouse] ... derives no benefit by reason of the marital relationship.” Gartman v. Gartman, 376 So.2d 711, 713 (Ala.Civ.App.1978). The separate estate of the parties in a divorce proceeding includes property owned prior to the marriage and property received by gift or inheritance during the marriage. § 30-2-51(a), Ala.Code 1975.’ ”
Meek v. Meek, 83 So.3d 541, 555 (Ala.Civ.App.2011) (quoting Nichols v. Nichols, 824 So.2d 797, 802 (Ala.Civ.App.2001)). It is undisputed that the husband exercised exclusive control over the four credit cards, and it is clear from the record that the husband incurred credit-card debt during the period of separation that was not for the benefit of the marriage. However, it is not clear what portion of the current balance on each card was accrued before and after the separation of the parties. At trial, the husband indicated that some of the debt was incurred during the marriage. The wife offered no evidence regarding the portion of credit-card debt incurred after the separation. Without evidence of the debt that was incurred during the separation, we cannot conclude that the credit-card debt was part of the husband’s separate estate. See Brown v. Brown, 72 So.3d 28, 36-37 (Ala.Civ.App.2011).
Further, the final judgment of the trial court awarded each party any financial accounts, including 401 (k) accounts and pensions, in his or her individual name. Although no evidence was presented at trial regarding the value of the husband’s retirement accounts, the wife does not dispute the husband’s assertion that her retirement accounts are more substantial than the husband’s accounts. “A trial court is free to consider the retirement benefits ... as assets of the parties to divorce in fashioning its awards.” Byrd v. Byrd, 644 So.2d 31, 32 (Ala.Civ.App. *193 1994). To address the arguments of both parties, the trial court was not required to award the husband a portion of the wife’s retirement accounts, Yost, 775 So.2d at 795, but it was free to consider all the parties’ retirement accounts as part of the equitable distribution of the marital assets and debts. Byrd, 644 So.2d at 32.
A review of the remainder of the final judgment shows that the husband was awarded two vehicles; the wife was awarded three vehicles.[7] Although little evidence was presented at trial as to the value or the payment status of the vehicles, the husband indicated that his monthly bills included a “car payment,” while the parties agreed that the vehicles awarded to the wife were without indebtedness. The final judgment also awarded the wife her interest in School Zone, Inc.[8] Finally, the trial court ordered the parties to sell the marital residence and split the equity equally. The husband was awarded possession of the residence pending its sale; however, although the parties were ordered to each pay half of the monthly mortgage payment, the husband was ordered to be responsible for the taxes, insurance, and maintenance of the residence.
The record is devoid of evidence regarding the valuation of most of the assets distributed by the trial court’s judgment, including the husband’s retirement accounts and the value of the vehicles.
“ ‘A divorce judgment that is based on evidence presented ore tenus is afforded a presumption of correctness. Brown v. Brown, 719 So.2d 228 (Ala.Civ.App.1998). This presumption of correctness is based upon the trial court’s unique position to observe the parties and witnesses firsthand and to evaluate their demeanor and credibility. Brown, supra; Hall v. Mazzone, 486 So.2d 408 (Ala.1986). A judgment of the trial court based on its findings of facts will be reversed only where it is so unsupported by the evidence as to be plainly and palpably wrong. Brown, supra. However, there is no presumption of correctness in the trial court’s application of law to the facts. Gaston v. Ames, 514 So.2d 877 (Ala.1987).’
“Robinson v. Robinson, 795 So.2d 729, 732-33 (Ala.Civ.App.2001).”
Kreitzberg v. Kreitzberg, 80 So.3d 925, 931 (Ala.Civ.App.2011). To reiterate, “ ‘[t]he award is not required to be equal, but must be equitable in light of the evidence, and what is equitable rests within the sound discretion of the trial court.’ ” Martin, 85 So.3d at 414. We conclude that the evidence was sufficient to support the trial court’s division of the marital assets and that that aspect of the judgment is due to be affirmed.
The wife next argues that the trial court erred by failing to order the husband to pay retroactive child support and to reimburse her for household expenses incurred during the pendency of this action. When this action was initially filed, the parties’ children were approximately 15 and 16 years old, respectively. The son reached the age of majority while this action was pending; the daughter attained *194 the age of majority shortly after the trial court entered its judgment.
The wife cites Brown v. Brown, 719 So.2d 228 (Ala.Civ.App.1998), in support of her claim for retroactive child support. Similar to the case at bar, the wife in Brown failed to request temporary child support in her cross-claim for a divorce. She later filed a claim for temporary support that remained pending throughout the remaining two-year period of the divorce action. The husband in Brown argued that the trial court had erred in awarding a child-support arrearage when there had been no pendente lite child-support order in place. 719 So.2d at 231. The Brown court held that,
“[g]iven this state’s policy and law requiring a parent to support a minor child, we hold that a trial court may, in its discretion, award child support retroactive to the filing of the complaint for divorce where the trial court has failed to enter a pendente lite child support order for the period in which the parent had a duty to support the child but failed to provide that support.”
719 So.2d at 232.
The wife filed a motion on January 11, 2008, petitioning the trial court for pendente lite child support. The trial court denied her request. However, following the reasoning of this court in Brown, “[a] basic principle of Alabama law is that a parent has a duty to support a minor child. ‘Parental support is a fundamental right of all minor children.’ ” 719 So.2d at 231 (quoting State ex rel. Shellhouse v. Bentley, 666 So.2d 517, 518 (Ala.Civ.App.1995)). This court further stated in Pate v. Guy, 942 So.2d 380, 385 (Ala.Civ.App.2005), that the “right of parental support exists regardless of the lack of court instructions.” In addition, the Alabama Legislature created a cause of action for retroactive child support against a nonsupporting parent in 1994. See Ala.Code 1975, § 30-3-110 through § 30-3-115.
At trial, the husband testified that he did not provide support for the children during the time this action was pending. “This court will not allow the trial court’s oversight in this regard to accrue to the benefit of the noncustodial parent. To do so would reward the noncustodial parent for failure or refusal to support his or her child.... ” Brown, 719 So.2d at 232. Therefore, we reverse the judgment insofar as it failed to include an award of retroactive child support and we remand the cause for the entry of a revised judgment that includes an appropriate amount of retroactive child support.
Pate is further instructive regarding the issue of retroactive reimbursement of marital expenses. Similar to the present case, the trial court in Pate issued a pendente lite order instructing the parties to pay their “pro rata” share of the marital expenses. 942 So.2d at 385. The father in that case admitted that he had not contributed to any of the monthly household expenses, other than homeowner’s insurance, during the pendency of the divorce proceeding. Id. This court held that “[t]he children ha[d] a legally enforceable right to be supported by both parents during the pendency of their parent’s divorce action.” Id. at 385-86.
The trial court in the present case issued a pretrial order that instructed the parties, among other things, to “[m]aintain status quo as to payment of the house note or rent, utilities, food, necessities, fixed credit obligations, etc.” It is clear from the record that the husband was responsible for paying the utility bills for the marital residence. It is also undisputed that the husband unilaterally stopped paying the utility bills sometime in 2009, resulting in the temporary loss of water and elec *195 tricity service. Based upon this court’s holding in Pate, the trial court erred when it failed to order the husband to reimburse the wife for utility bills she paid during the pendency of the divorce action. Therefore, we reverse the judgment insofar as it failed to award the wife reimbursement for that expense and we remand the cause for the entry of a revised judgment that includes a reimbursement award to the wife in the amount of the utility bills that the husband was ordered to pay in the pretrial order.
The wife also argues that the trial court erroneously imputed to the wife an income of $25 an hour in its child-support calculations. After a thorough review of the record, including the child-support-calculation forms, we are unable to ascertain the origin of the income attributed to each party by the trial court. “‘[Tjhis court cannot affirm a child-support order if it has to guess at what facts the trial court found in order to enter the support order it entered....”’ Willis v. Willis, 45 So.3d 347, 349 (Ala.Civ.App.2010) (quoting Mosley v. Mosley, 747 So.2d 894, 898 (Ala.Civ.App.1999)). We therefore reverse the judgment insofar as it establishes the child-support award and remand the cause to the trial court to determine the husband’s child-support obligation in compliance with Rule 32(E), Ala. R. Jud. Admin.
Finally, the husband contends that the trial court erred in failing to award him an attorney fee. It is well settled that the award of an attorney fee is within the discretion of the trial judge and will not be reversed except for an abuse of discretion. Enzor v. Enzor, 98 So.3d 15, 23 (Ala.Civ.App.2011). In this case, we find no evidence that the denial of an attorney-fee award was an abuse of the trial court’s discretion.
Accordingly, we reverse the trial court’s judgment insofar as it failed to award retroactive child support, insofar as it failed to enforce the pretrial order regarding payment of utilities, and insofar as it calculated child support, and we remand the cause with instructions to the trial court to enter a judgment consistent with this opinion. We affirm the judgment with regard to the division of marital assets and debts.
APPEAL — AFFIRMED
CROSS-APPEAL — AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, without writing.

. The wife testified that the electricity to the marital residence was turned off in early September 2009 and that she and the children stayed at the wife’s sister's home for approximately one month until the wife was able to have the electricity turned back on.

. School Zone, Inc., is a company formed by the wife and her sister that sells school uniforms. The wife testified at trial that she had a 40% interest in the company.

. The wife worked for IBM from 1977 until September 2009. The parties were married in May 1990.

. The wife testified that she often used that account to make up the difference between her previous IBM salary and her current salary. She further testified that she was forced to increase the use of the funds in that account to pay the utility bills after the husband stopped paying those bills in 2009.

.The son reached the age of majority before this action was scheduled for trial. The daughter reached the age of majority approximately four months after the final judgment was entered.

. It appears that only a portion of the funds in the wife’s retirement accounts are divisible as marital property. The husband’s expert presented evidence indicating that the wife’s pre-marriage salary funded 19.77% of the retirement accounts, but he failed to explain how he arrived at that calculation. He further admitted that he did not know whether the wife’s contribution and her employer’s contribution remained the same throughout her employment. Based on this information, the trial court could have concluded that there *192 was not sufficient evidence as to the portion of the benefits the wife contributed during the marriage. The trial court would have then been precluded from awarding the husband any portion of the wife’s retirement benefits. See Applegate v. Applegate, 863 So.2d 1123, 1124 (Ala.Civ.App.2003) (”[T]he failure to present the necessary evidence of the present valuation of retirement benefits and the portion of those benefits acquired prior to the marriage prevents the trial court from exercising its ... discretion to award one spouse any portion of the retirement benefits of the other spouse.”).

. During the pendency of the divorce, the wife purchased a Lexus vehicle for $20,000 for herself and another vehicle for the son for $4,500. The son wrecked the vehicle purchased for him in an accident. The Lexus vehicle was not specifically addressed in the final judgment; however, the trial court ordered that any vehicle not referenced in the judgment would remain with the party currently possessing the vehicle.

. The wife testified that School Zone, Inc., had approximately $26,000 in debt at the time of the trial.