MOORE, Judge.
Kara E. Cummings (“the mother”) appeals from a judgment of the Mobile Circuit Court (“the trial court”) to the extent that it declined to retroactively modify the child-support obligation of Glenn Randall Cummings (“the father”) so as to be effective from the date she filed her complaint *1108 seeking to modify child support. We affirm the trial court’s judgment.

Procedural History

The parties were divorced by a judgment of the trial court entered on April 20, 2001; that judgment, among other things, awarded the mother sole custody of the parties’ child and ordered the father to pay $598 per month in child support. On July 12, 2013, the mother filed a complaint to, among other things, modify the child-support obligation of the father (“the child-support action”). On August 16, 2013, the father filed an answer and counterclaimed for a change in the custody of the child (“the custody action”). The clerk assigned separate civil-action numbers to the child-support action and the custody action. The record contains no order consolidating the cases.
The trial court originally scheduled the trial for January 27, 2014; however, the trial court continued the case on the motion of the father on four different occasions and on the motion of the mother on another occasion. In the meantime, the trial court did not grant the mother’s requests for an “instanter” order increasing the father’s child-support obligation.
After a trial on September 2, 2015, the trial court entered identical judgments on September 3, 2015, in the child-support action and the custody action, increasing the father’s monthly child-support obligation to $780, effective September 1, 2015, denying the father’s counterclaim for a modification of custody, and denying all other requests for relief. On October 15, 2015, the mother filed her notice of appeal from the judgment entered in the child-support action.

Discussion

On appeal, the mother argues that the trial court erred in not making the child-support modification retroactive to the date she filed her complaint. The father argues that the mother did not preserve this issue for appeal. When a court tries a case without a jury and enters a judgment without findings of fact, a party who claims that the judgment is not supported by sufficient evidence must file a postjudgment motion in order to preserve that issue for appeal. New Props., LLC v. Stewart, 905 So.3d 797, 801-02 (Ala.2004). During the trial in this case, the mother asserted that any modification of the father’s child-support obligation should be applied retroactively. In its judgment, the trial court specifically determined that the child-support modification would operate from September 1, 2015, forward. That determination constitutes a sufficient finding that the increase in the father’s child-support obligation would not be payable retroactively from the date the mother filed her complaint. Hollen v. Conley, 840 So.2d 921, 924 n. 4 (Ala.Civ.App.2002) (“[T]he trial court’s award of $23,521.32, including interest, is a factual finding that the calculation of the [child-support] ar-rearage and interest is correct. Accordingly, the mother was not required to raise the issue in a postjudgment motion to preserve the issue for our review.”).
“In cases seeking modification of child support, it is within the discretion of the trial court to make any modification retroactive to the date of the filing of the petition for the modification. State ex rel. Nathan v. Nathan, 680 So.2d 339 (Ala.Civ.App.1996); Rogers v. Sims, 671 So.2d 714 (Ala.Civ.App.1995); State ex rel. Dunnavant v. Dunnavant, 668 So.2d 851 (Ala.Civ.App.1995).”
Brown v. Brown, 719 So.2d 228, 232 (Ala. Civ.App.1998). Our cases have generally recognized a “ ‘sound policy favoring retro-activity in most cases, because the party entitled to support should not be penalized for having to resort to time-consuming court proceedings.’” Bayliss v. Bayliss, *1109 575 So.2d 1117, 1121-22 (Ala.Civ.App.1990) (quoting Sutliff v. Sutliff, 339 Pa.Super. 523, 556, 489 A.2d 764, 781 (1985)); see also Brown v. Brown, 719 So.2d at 232; Thompson v. Thompson, 689 So.2d 885, 889 (Ala.Civ.App.1997).
In the present case, however, the mother failed to present sufficient evidence from which the trial court could determine the amount of retroactive child support due. She introduced evidence indicating that the father’s monthly income at the time of the trial was $8,583 and that, in June 2014, the father’s income was $8,333.33; however, she failed to present evidence of the father’s income at the time of the filing of the complaint. Furthermore, the mother testified that, at the time she filed the complaint, she was working 20 to 25 hours a week earning $27.52 per hour, but, at the time of the trial, she was employed full tune earning $7,100 per month. She, however, failed to present evidence indicating the date on which she obtained full-time employment.
The mother had the burden of proof at trial, see Romano v. Romano, 703 So.2d 374 (Ala.Civ.App.1997), and has the burden of proving error on the record in this appeal, see Dais v. State, 420 So.2d 278 (Ala.Civ.App.1982). Although the mother requested that any increase in the father’s child-support obligation be awarded retroactively, she failed to present sufficient evidence regarding the parties’ incomes to allow the trial court to calculate the proper amount of retroactive child support due from the date she filed her complaint, and she did not offer into evidence any calculations herself. Therefore, we cannot conclude that the trial court exceeded its discretion in declining to award the increase in the father’s child-support obligation retroactive to the date of the filing of the mother’s complaint. See Brown, 719 So.2d at 232. Therefore, the judgment of the trial court in the child-support action is affirmed.
AFFIRMED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result in part and dissents in part, with writing.