YATES, Judge.
The City of Jasper sought a declaratory judgment requiring the Waterworks and Sewer Board of the City of Jasper (“Board”) to “permanently operate and maintain” an inline fire pump at the Jasper-East Industrial Park. The City alleged that the Board was “the only agency in the City with the equipment, personnel, and expertise to bring this fire pump on line and to keep it serviceable.” The trial court entered a summary judgment in favor of the Board. The City appeals.

FACTS

In 1976, the Board was granted through an ordinance the authority to “own, maintain, construct, enlarge, and operate in the City a water works plant and a water distribution system, or either.” However, the ordinance did not give the Board an exclusive franchise to distribute water. Deposition testimony revealed that Curry Water Authority, whose office is located in Jasper, has some water supply lines within the city limits of Jasper.
In 1986, the City and the Board entered into an “Interagency Agreement” regarding construction of the industrial park. The agreement contained the following provision:
“3. The Board hereby agrees to operate, maintain and accept ownership of all water, sewer, gas mains, pumping stations, easements and permits, purchased and/or installed by the City, in the construction of the Jasper-East Industrial Park.”
In 1986, the chief of the Jasper Fire Department, after reviewing the plans for the industrial park, notified the Birmingham Regional Planning Commission that the facility would “contain water mains of sufficient size and pressure to provide good fire protection.”
The project was completed in 1989. In 1990, one of the tenants of the industrial park requested additional water pressure because of an insurance regulation. The estimated cost of installation of a fire pump to increase the water pressure was $98,663. The Board agreed to pay one-third of the installation cost, provided that it would not be responsible for providing the facility, installing it, or maintaining it.

REVIEW

In reviewing a summary judgment, we take into account the same factors that the trial court considered and resolve all reasonable doubts in favor of the nonmovant. Havens v. Trawick, 564 So.2d 917 (Ala.1990). A party moving for a summary judgment has the burden of showing: 1) that there is no genuine issue of material fact and 2) that he is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. In actions filed after June 11,1987, Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). In order to defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present “substantial evidence,” i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).

*597
HOLDING

We agree with the trial court that the contractual agreement between the City and the Board regarding the utilities that the Board would maintain after the completion of the industrial park did not include the in-line pump. The interagency agreement was based on a specific bid proposal package, which did not contain a provision for an inline pump. The pump was not discussed until after the completion of the industrial park.
Aside from arguing that the court erred in entering the summary judgment, the City also argues that the court erred in denying its post-judgment motion without providing a hearing, citing Rule 59(g), Ala. R.Civ.P., and Staarup v. Staarup, 537 So.2d 56 (Ala.Civ.App.1988). While the “[djenial of a Rule 59 motion without a hearing is reversible error if the movant requested a hearing and harmful error is found”, there was no legal merit to the motion, and error, if any, in the denial of the motion was harmless. Lowe v. Lowe, 631 So.2d 1040, 1041 (Ala.Civ.App.1993), citing Walls v. Bank of Prattville, 554 So.2d 381 (Ala.1989).
We conclude that the Board met its burden of showing that no genuine issue existed as to any material fact.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.