Angela S. Knight and Roy M. Knight were divorced in 1995. They had two children. They had made an agreement, *Page 508 
which the court incorporated into its judgment, providing that the parties would have joint legal custody of the children and that the mother would have physical custody of one child and the father would have physical custody of the other child.
In 1998, the mother sought sole legal custody of the children and physical custody of the child not in her custody. She also sought a modification of the child-support provision of the divorce judgment. The father filed a counterpetition, seeking sole legal and physical custody of the children. The parties reached an agreement as to the modification of custody. No written agreement appears in the record; however, the agreement was read at the hearing. The court's order incorporated the parties' agreement as to custody. The court provided that the parties would have joint legal custody of the children. The mother was awarded physical custody of the children for nine months of each year and the father was granted visitation privilidges during those nine months. The father was awarded physical custody of the children for three months of each year, with the mother having visitation during those three months. The court's ordered required the father to pay $671.16 monthly in child support and provided that he would not pay child support during the three months he had physical custody of the children. The mother filed a post-judgment motion on November 24, 1998. On December 21, 1998, the mother appealed to this court.
The mother argues that the trial court's computation of child support did not comply with the child-support guidelines contained in Rule 32, Ala.R.Jud.Admin., and that the court deviated from the guidelines without stating its reasons for doing so.
The mother claims that the court erred in finding that the father's monthly gross income, for purposes of calculating child support, was $3,000. The father's income was disputed. The father completed an income affidavit that stated his gross monthly income as $1,185.97. The mother presented evidence indicating that the father had represented to a bank that his yearly income was $60,000. At the hearing, the father testified that his gross monthly income in 1998 was $3,000 a month. He testified that in 1997 his gross earnings were $60,000. He stated that the $60,000 was his business's gross income and not his personal income. He stated that he no longer owned the business. There was much dispute as to the father's income.
We note that a trial court's judgment based on ore tenus evidence is entitled to a presumption of correctness if it is supported by the evidence. Pruitt v. Pruitt, 669 So.2d 931
(Ala.Civ.App. 1995). From a review of the record, we conclude that the trial court's finding that the father's income was $3,000 was supported by the evidence. Therefore, we cannot hold that the trial court abused its discretion in finding the father's monthly gross income to be $3,000.
The mother next claims that the court's ruling that the father need not pay child support during the three months he has physical custody of the children is a deviation from the child support guidelines and that the court erred in failing to explain why it deviated from the guidelines.
Rule 32(A), Ala.R.Jud.Admin., establishes a rebuttable presumption that the amount of child support that results from application of the guidelines is the correct amount of child support to be awarded. Cunningham v. Cunningham, 641 So.2d 807
(Ala.Civ.App. 1994). The presumption may be rebutted upon a determination by the trial court that application of the guidelines would be "`manifestly unjust or inequitable,'" and upon entry of a written finding to that effect. Stewart v. Kelley,587 So.2d 384, 385 (Ala.Civ.App. 1991), quoting Rule 32(A)(ii), Ala.R.Jud.Admin. Moreover, "[i]f the trial court fails to apply the guidelines or to present findings of fact based upon evidence before the court indicating why the guidelines were not *Page 509 
followed, this court will reverse." Nelson v. Landis, 709 So.2d 1299,1300 (Ala.Civ.App. 1998); quoting Simmons v. Ellis,628 So.2d 804 (Ala.Civ.App. 1993).
Rule 32(A)(1)(a), provides that one of the reasons for deviating from the guidelines is shared physical custody or visitation rights providing for periods of physical custody or care of children by the obligor parent substantially in excess of those customarily approved or ordered by the court. In Flanaganv. Flanagan, 656 So.2d 1228 (Ala.Civ.App. 1995), this court found that an abatement of child support during a parent's summer visitation period was a deviation from the guidelines. Here, the father argues that this is not an extended visitation period but that during these three months he is the custodial parent. The Comment to Rule 32 states: "The Alabama child support guidelines do not specifically address the problem of establishing a support order in joint legal custody situations. Such a situation may be considered by the court as a reason for deviating from the guidelines in appropriate situations, particularly if physical custody is jointly shared by the parents." The Comment further states: "When a shared physical custody situation results in a support award that deviates from the award that would result from application of the guidelines, the trial court's order, or the written agreement of the parties, must specify and explain the reason for the deviation."
The record contains evidence that would support a determination that compliance with Rule 32 might be unjust or inequitable. However, because the trial court failed to set out its reasons for deviating from the guidelines, we must reverse its order. We add that, although we are compelled to reverse because the trial court did not set out its reasons for deviating from the guidelines, we are not finding that a deviation from the guidelines in this case would be improper. Thus, the child-support portion of the trial court's order is reversed, and the cause is remanded for the court's further consideration.
The mother also claims that the court erred in failing to grant her post-judgment motion. As stated earlier, the mother filed her post-judgment motion on November 24, 1998, and on December 21, 1998, she filed her notice of appeal. The trial court did not rule on the mother's motion; thus, pursuant to Rule 59.1, Ala.R.Civ.P., the motion was denied by operation of law on February 22, 1999. In her motion, the mother argued that the husband lied at trial about his income. She also stated that she had new evidence indicating that the father had lied about not receiving any rental income. At trial, the father stated that he owned rental property but that the rental property was not currently rented. The mother argues in her motion that this was untrue. However, the mother failed to explain what new evidence she possessed or to allege that this evidence was not previously discoverable through due diligence. The mother also argues that the court erred in not holding a hearing on her motion. A denial of a post-judgment motion without a hearing is reversible error if the movant requested a hearing and harmful error is found. Jasperv. Waterworks Sewer Bd., 648 So.2d 595 (Ala.Civ.App. 1994). We conclude that there was no legal merit to the motion and that any error was harmless.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ. concur. *Page 510