Melissa S. Harris and Andre C. Harris were divorced in 1992. The divorce judgment, which incorporated the parties' separation *Page 214 
agreement, awarded the mother custody of the parties' child. In 1994, the parties agreed to a modification of the custody provision, and by that modification the child was placed with her father.
In 1998, the mother petitioned the court for another modification of custody, seeking to have custody awarded to her. After a trial, the trial court "granted [the mother's petition] in part," awarding the parties "joint custody," but awarding "primary physical custody" to the father. The mother appeals. We affirm.
Alabama's joint-custody statute,[1] found in Ala. Code 1975, §§ 30-3-150 to -157, requires a trial court to consider awarding joint custody in all divorce cases involving minor children. See § 30-3-152(a). The statute, at § 30-3-151, defines the various forms of custody a trial court can award, as follows:
 "(1) JOINT CUSTODY. Joint legal custody and joint physical custody.
 "(2) JOINT LEGAL CUSTODY. Both parents have equal rights and responsibilities for major decisions concerning the child, including, but not limited to, the education of the child, health care, and religious training. The court may designate one parent to have sole power to make certain decisions while both parents retain equal rights and responsibilities for other decisions.
 "(3) JOINT PHYSICAL CUSTODY. Physical custody is shared by the parents in a way that assures the child frequent and substantial contact with each parent. Joint physical custody does not necessarily mean physical custody of equal durations of time.
 "(4) SOLE LEGAL CUSTODY. One parent has sole rights and responsibilities to make major decisions concerning the child, including, but not limited to, the education of the child, health care, and religious training.
 "(5) SOLE PHYSICAL CUSTODY. One parent has sole physical custody and the other parent has rights of visitation except as otherwise provided by the court."
The statute further explains that the court may award any form of custody it finds to be in the best interest of the child, see §30-3-152(a), but specifically states that the statute "shall not be construed as grounds for modification" nor "affect the standard applicable to a subsequent modification." See §30-3-157.
The trial court's judgment awards the parties "joint custody," yet awards the father "primary physical custody." These terms have been commonly employed by the bench and bar; however, in light of the definitions of the types of custody set out in the joint-custody statute, those older terms are unclear and, as illustrated by this case, serve only to confuse the issue of custody. According to the definition in § 30-3-151(1), the term "joint custody" in the judgment actually awards the parties jointlegal custody and joint physical custody. As the mother argues on appeal, the judgment is inconsistent; it awards joint legal custody and joint physical custody to the mother in one breath, but takes away her right to joint physical custody in the next. Despite the inconsistency, we are of the opinion that the judgment can be construed only one way — that is, it awards the parties joint legal custody, but awards the father sole physical custody.
The mother also argues that the trial court must have found that she met the burden imposed by Ex parte McLendon,455 So.2d 863 (Ala. 1984), because it modified custody from sole custody to joint custody. Therefore, she contends, the trial court erred by not awarding her at least joint physical custody. The mother's argument fails because, as we will explain, theMcLendon standard does not apply to the modification of legal custody.
The McLendon standard requires a parent who has lost custody pursuant to a *Page 215 
prior judgment to prove that the proposed change in custody would "`materially promote [the child's] welfare.'" McLendon, 455 So.2d at 865 (quoting Greene v. Greene, 249 Ala. 155,157, 30 So.2d 444, 445 (1947) (quoting in turn, Stringfellowv. Somerville, 95 Va. 701, 29 S.E. 685, 687, 40 L.R.A. 623 (1898))). In addition, that parent would be required to produce sufficient evidence indicating that the "`positive good brought about by the modification must more than offset the inherently disruptive effect caused by uprooting the child.'" Id.
(quoting Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App. 1976)). By its very wording, the McLendon standard can be applied only to the modification of physical custody. The "disruption" and "uprooting" referred to in the standard can only mean the disruption caused by moving the child from one home to another. A shift in parental involvement in the major decisions affecting the child, which is what a change in legal custody accomplishes, would not disrupt the child or his or her living environment in any measurable way. Thus, we conclude that our supreme court, when developing the McLendon standard, contemplated that it would apply only to modifications of physical custody and not to modifications of legal custody, as those terms are now defined in § 30-3-151. To modify legal custody, the trial court need only find that the best interests of the child are served by the modification. See §30-3-152.
The evidence at trial established that each party's home is well kept and would be a proper environment for the child. Although the mother presented some testimony about the husband's past use and selling of marijuana, the father and his new wife testified that he no longer used the drug. Both parents and both stepparents communicated their love for the child, who would be well cared for in either home. After reviewing the evidence, we cannot say that the trial court erred by not modifying physical custody. The mother did not meet the rigorous McLendon standard, because the evidence did not demonstrate how the change in custody would materially promote the child's best interest or how that benefit would outweigh the disruption caused by the change in custody. The parties also testified about their past ability to communicate and work together for the benefit of the child; those factors are to be considered by the trial court when it is considering a joint-custody arrangement. See § 30-3-152. In light of the parties' ability to communicate concerning the child, we cannot disagree with the trial court's conclusion that the parties should share the responsibility for major decisions affecting the child. Therefore, we affirm the trial court's judgment.
AFFIRMED.
Yates and Thompson, JJ., concur.
Monroe, J., concurs in the result.
Robertson, P.J., concurs in the result only.
[1] The statute became effective on January 1, 1997.