David L. West, Jr., appeals from the trial court's denial of his petition for modification of a child-custody arrangement. He and Cynthia Carol West Rambo were divorced by the Circuit Court of Lowndes County on March 20, 1991. The divorce judgment incorporated the parties' agreement, which provided that the mother would have the care, custody, and control of the parties' daughter, subject to visitation, as set out in the agreement, with the father. The father was ordered to pay $200 per month in child support. The mother was ordered to maintain health insurance for the child.
On March 13, 2000, West, the father, petitioned for modification of the custody arrangement. In his complaint, he sought an award of joint legal custody of the daughter, with physical custody remaining with the mother, or, in the alternative, additional visitation. The mother moved to strike his petition; the court treated the mother's motion as a motion for a more definite statement. In her motion, the mother counterclaimed for an increase in child support, for reduced visitation, and for an attorney fee.
The court held a hearing on May 15, 2000. At the conclusion of the father's presentation of his case, the mother moved for a judgment as a matter of law on the custody petition, on the grounds that the father had failed to meet the standard set out in Ex parte McLendon, 455 So.2d 863
(Ala. 1984). The court granted the motion, holding that the husband had not met the McLendon standard. The court then heard evidence pertaining to the mother's counterclaim for a modification of child support and visitation and for an attorney fee. The court increased the father's child-support obligation to $574 per month and awarded the mother an attorney fee of $2,500. The court further ordered that the mother continue to provide medical-insurance coverage for the child; however, the father was ordered to pay 63% of the noncovered medical and dental expenses in excess of $250 per year. The trial court reaffirmed the previous order with regard to the visitation schedule.
The father filed a postjudgment motion, which the court denied. The father then filed an amended postjudgment motion, arguing that the trial court had applied the wrong standard to the custody-modification petition; the court also denied that motion. The father appealed, contending that the trial court applied the wrong standard when ruling on his custody-modification petition.
The ore tenus rule ordinarily applies to child-custody-modification proceedings in which the parties present oral testimony, and when that rule applies the court's judgment based on its findings of fact will not be reversed absent an abuse of discretion or a showing that the findings are plainly and palpably wrong. E.M.C. v. K.C.Y., 735 So.2d 1225
(Ala.Civ.App. 1999). However, where the question presented on appeal is whether the trial court correctly applied the law, the ore tenus rule has no application. Ex parte Perkins, 646 So.2d 46 (Ala. 1994). Where, in a custody-modification *Page 1141 
case, the trial court erroneously applied the McLendon standard, when it should have applied the standard set out in Ex parte Couch,521 So.2d 987 (Ala. 1988), this court has no authority to review the evidence to determine whether, under the proper standard, the trial court's judgment could be upheld. Id. But cf. Ex parte Johnson,673 So.2d 410 (Ala. 1994) (where the trial court improperly applies theCouch standard instead of the McLendon standard, this court is permitted to apply the McLendon standard to the evidence contained in the record).
The father argues that the trial court erred by applying to the modification petition the McLendon standard rather than the "best-interests" standard stated in Couch. The best interests of the child are of paramount concern in all matters concerning child custody.Clayton v. Clayton, 598 So.2d 929 (Ala.Civ.App. 1992). Alabama law is clear that in a case in which there has been a prior custody determination, the parent seeking a change in custody must meetMcLendon's stringent standard of proof — that a change in custody will materially promote the best interests and general welfare of the child. Ex parte McLendon, supra. The petitioning parent in such a case must also show that the positive good that would be brought about by the change in custody would more than offset the inherently disruptive effect caused by uprooting the child. Butts v. Startley, 600 So.2d 310
(Ala.Civ.App. 1992). McLendon applies in cases in which a parent requests a change in physical custody. This court has held that the McLendon
standard does not apply to the modification of legal custody. Harris v.Harris, 775 So.2d 213 (Ala.Civ.App. 1999). In Harris, we concluded:
 "By its very wording, the McLendon standard can be applied only to the modification of physical custody. The `disruption' and `uprooting' referred to in the standard can only mean the disruption caused by moving the child from one home to another. A shift in parental involvement in the major decisions affecting the child, which is what a change in legal custody accomplishes, would not disrupt the child or his or her living environment in any measurable way. Thus, we conclude that our supreme court, when developing the McLendon standard, contemplated that it would apply only to modifications of physical custody and not to modifications of legal custody, as those terms are now defined in § 30-3-151[, Ala. Code 1975]. To modify legal custody, the trial court need only find that the best interests of the child are served by the modification. See § 30-3-152."
775 So.2d at 215.
In this case, the mother has sole custody of the parties' daughter, subject to the father's visitation rights. The parties disputed the extent of the father's involvement in making important decisions affecting the daughter's welfare. The mother testified that she had consulted the father on several occasions about medical and behavioral issues involving the child. For example, the mother said that when the daughter and her half-sister secretly left the mother's home early one morning without permission the mother immediately telephoned the father to notify him of the incident and to discuss punishment alternatives with him.
The father testified that when the daughter transferred to a new school he was not informed until she left him a message on his answering machine the day before she was to start attending the new school. The father testified that he was never consulted about the change in schools and that he wanted to be more involved making decisions concerning the *Page 1142 
daughter. The mother testified that she had believed the father would be pleased with the change of schools.
In his petition for a modification of the custody arrangement, the father requested that the trial court award him joint legal custody. He did not request a change in the physical custody of the daughter. He requested that the mother retain physical custody and that he be allowed increased visitation. However, his main objective was to increase his decision-making authority in matters involving the daughter's welfare.
Because the father was not requesting a change in physical custody, but rather a change in legal custody, the trial court improperly applied theMcLendon standard in ruling on the father's petition. See Harris, supra. We reverse the judgment and remand for the trial court to conduct further proceedings as it deems necessary and to apply the "best-interests" standard when it rules on the father's petition.
The father argues that the trial court erred in awarding the mother an attorney fee. A trial court should consider the following criteria in setting an attorney fee: (1) the results of the litigation; (2) the nature of the conduct of the parties; (3) the financial circumstances of the parties; and (4) the earning capacity of the parties. Shirley v.Shirley, 600 So.2d 284 (Ala.Civ.App. 1992). Because the outcome of the litigation is a factor the trial court must consider in making an attorney-fee award, and an outcome has yet to be determined in this case, we must reverse that portion of the judgment awarding the attorney fee. On remand, the trial court should reconsider the request.
The father further argues that the trial court erred in ordering him to pay a percentage of the daughter's noncovered medical and dental expenses. We emphasize that the modification of a prior judgment based upon changed circumstances of the parties is largely within the discretion of the trial court and that when reviewing such a modification we will not disturb the trial court's findings absent a showing that in making those findings the court abused its discretion, so that its judgment is plainly and palpably wrong. E.M.C. v. K.C.Y., supra.
The record shows that the trial court complied with Rule 32, Ala. R. Jud. Admin., in calculating the child-support award. In doing so, the court reviewed the father's tax returns. The father does not contest the trial court's determination of his child-support obligation. However, he contends that the trial court erred by ordering him to pay a percentage of the noncovered medical and dental expenses. Under the original agreement of the parties which was incorporated into the divorce judgment, the father was not responsible for any of daughter's noncovered medical and dental expenses.
However, Rule 32 makes an assumption that there will be "unreimbursed medical costs of $200 per family of four per year," including "medical expenses not covered or reimbursed by health insurance." Comment, Rule 32, Ala. R. Jud. Admin. Furthermore, the Comment also states: "Courts and parties may wish to consider whether noncovered medical and/or dental expenses should be allocated in the same percentages as the health insurance premiums are allocated pursuant to this rule and as entered on the Child Support Guidelines form." It appears from the record that the trial court considered each parent's income and based its decision on the percentages that the parents were required to pay under Rule 32. After carefully reviewing the record, we conclude that the father is obviously capable *Page 1143 
of paying for 63% of the noncovered medical and dental expenses. We find no error in the trial court's ordering the father to pay the noncovered medical and dental expenses at the same percentage as his child-support obligation. Therefore, we affirm the judgment of the trial court as it relates to noncovered medical and dental expenses.
The provisions of the judgment relating to the noncovered medical and dental expenses are affirmed. Because the court erred in applying theMcLendon standard to the custody-modification petition, we reverse the judgment insofar as it pertains to the custody modification, and we also reverse the award of an attorney fee. We remand this case for the trial court to apply the correct standard in ruling on the father's petition for modification of the custody order and then to reconsider the mother's request for an attorney fee.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Yates, Monroe, and Crawley, JJ., concur.